**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:20cr111-HSO-JCG-1** |
| | § | |
| | § | |
| **EDDIE OBRIAN REEVES** | § | |

**ORDER DENYING DEFENDANT EDDIE OBRIAN REEVES'S**
**MOTION [43] FOR COMPASSIONATE RELEASE**

BEFORE THE COURT is Defendant Eddie Obrian Reeves's Motion [43] for Compassionate Release.  For the reasons that follow, the Court finds that the Motion should be denied.

## I.  BACKGROUND

On April 29, 2021, Defendant Eddie Obrian Reeves ("Defendant" or "Reeves") pled guilty to Count 1 of the Indictment [18] in this case.  *See* Min. Entry., Apr. 29, 2021.  On July 29, 2021, the Court sentenced Reeves to a term of imprisonment of 87 months, followed by five years of supervised release.  *See* Min. Entry, July 29, 202; J. [41] at 2-3.  Reeves, who is presently 40 years old, is incarcerated at Federal Correctional Institution Yazoo City Low ("FCI Yazoo City Low") in Yazoo City, Mississippi, and his anticipated release date is January 7, 2027.  *See* Mot. [43] at 1.

On December 6, 2021, Reeves filed a Motion [43] for Compassionate Release.  *See* Mot. [43].  Reeves asks the Court to reduce his sentence or grant him

compassionate release and "place him on supervised release/house arrest under the supervision of the U.S. Probation [Office]." *Id.* at 5.   In support of his request for release, Reeves cites his preexisting medical conditions and his body mass index, which place him at higher risk during COVID-19 pandemic, as well as the need to care for his chronically ill, seven-year-old son who has now been diagnosed with a rare genetic disorder. *See id.* at 2-3.   Reeves also argues that the relevant sentencing factors weigh in favor of his release. *See id.* at 4.

The Government opposes Reeves's Motion, arguing that he has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction and that the considerations under 18 U.S.C. § 3553(a) weigh against release. *See* Resp. [50] at 1, 10-21.  The Government presents evidence that Reeves declined a Pfizer vaccination against COVID-19 in December 2021, *see* Ex. [51] at 1 (filed under seal), and even though Reeves "presents the risk factor of hypertension," it argues that he "no longer presents an 'extraordinary and compelling reason' because he has declined vaccination," Resp. [50] at 10.

Even if Reeves were at an elevated medical risk, the Government maintains that compassionate release is not warranted because the factors set forth at 18 U.S.C. § 3553(a) weigh against his release, including the risk of danger to the community Reeves poses, his refusal to accept vaccination, and the Bureau of Prisons' ("BOP") "strenuous efforts to protect inmates against the spread of COVID-19." *Id.* at 20; *see id.* at 19-22.   While Reeves cites his child's need for a caregiver, the Government points out that he "provides no explanation as to why he alleges

2

the child's mother cannot care for the child" or that he is the only person available to provide care to the child. *Id.* at 20. The Government emphasizes that releasing Reeves now would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See id.* at 21.

In his Reply [53], Reeves maintains that "[t]he COVID-19 pandemic presents a compelling and extraordinary circumstance," which warrants compassionate release "for those most vulnerable," Reply [53] at 3 (emphasis removed), and that prison conditions have resulted in "the proliferation of the disease within jails and prisons," including FCI Yazoo City Low, *id.* at 7. While Reeves states that he "understands that the general risk of COVID-19 cannot be grounds for release for all those who are incarcerated," *id.*, he maintains that "the specifics of his situation" warrant compassionate release, *id.* at 7-8. Reeves asserts that early release would not diminish the impact of his sentence, and he represents that he "has made diligent efforts to rehabilitate himself while incarcerated" and that, if released, would live with his fiancée and son in Gautier, Mississippi. *Id.* at 8.

## II. DISCUSSION

### A. Reeves's request for home confinement

Reeves asks the Court to reduce his sentence or grant him compassionate release, and he states in his Motion [43] that the Court should "place him on supervised release/house arrest under the supervision of the U.S. Probation [Office]." Mot. [43] at 5. To the extent Reeves is asking the Court to order that he be transferred to home confinement, the Court cannot grant such relief. *See* 18

3

U.S.C. § 3621(b) (stating that a designation of a place of imprisonment by the BOP "is not reviewable by any court").

Although Congress has expanded the authority of the BOP to place federal prisoners in home confinement in connection with the COVID-19 pandemic, *see* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020) ("CARES Act"), the United States Court of Appeals for the Fifth Circuit has held that this provision does not grant to courts the necessary power to order that a prisoner be placed in home confinement, *see Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020).   Instead, "[i]t is the BOP and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors," and "[i]t is not for a court to step in and mandate home confinement for prisoners, regardless of an international pandemic." *Id.*; *see also, e.g., United States v. Abdulqader*, No. 20-10891, 2021 WL 6102210, at *2 (5th Cir. Dec. 22, 2021) (per curiam) (recognizing that a court "cannot directly order [a prisoner] to serve out the remainder of his term in home confinement").  Any request Reeves may be making for home confinement in lieu of incarceration is therefore not well taken and must be denied.  *See Abdulqader*, 2021 WL 6102210, at *2; *Cheek*, 835 F. App'x at 740.

B.    Whether "extraordinary and compelling reasons" warrant a sentence reduction for Reeves

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18

U.S.C. § 3582(c)(1)(A)(i).  The Fifth Circuit has held that when considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Turning to Reeves's concerns about his health, his medical records reflect that he suffers from various medical conditions, *see* Ex. [51] (filed restricted access), but this Court has held that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence," *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020), *aff'd*, 840 F. App'x 804 (5th Cir. 2021) (collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020), *appeal dismissed*, No. 20-60883, 2021 WL 1111314 (5th Cir. Feb. 17, 2021) (same).  Although certain medical conditions may constitute extraordinary and compelling reasons warranting a reduction, the medical evidence supports the conclusion that Reeves is capable of self-care while incarcerated and that he has access to services to address any of his medical conditions.  *See* Ex. [51] (filed restricted access).  Based upon the record, Reeves has not demonstrated an "extraordinary and compelling reason" warranting his release under 18 U.S.C. § 3582(c)(1)(A)(i).

As for the need to care for Reeves's son, the Court is not persuaded that this constitutes an extraordinary and compelling reason warranting compassionate

release, *see* 18 U.S.C. § 3582(c)(1)(A), particularly in light of the fact that Reeves has not cited any evidence that the child's mother is unable to care for him, or that Reeves is the only person in his family who could care for his son.

In sum, Reeves has not demonstrated any extraordinary and compelling reasons justifying a sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Reeves has not shown that he is more likely to contract the virus if he remains incarcerated than if he were released, and has not demonstrated that there is any "extraordinary and compelling reason" justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Reeves's Motion for Compassionate Release should be denied.

C.    Whether § 3553(a) factors weigh in favor of early release

Even if Reeves had presented evidence of an extraordinary and compelling reason under § 3582(c)(1)(A), the § 3553(a) factors weigh strongly against his release based upon the record.  These factors include, among other things, the nature and circumstances of the offense of conviction and the history of Defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public.  *See* 18 U.S.C. § 3553(a).

According to the Presentence Investigation Report ("PSR") prepared in this case, based upon a total offense level of 27 and a criminal history category of III,[1] Reeves's Guidelines imprisonment range was 87 to 108 months.  *See* PSR [38] at 9, 16, 23 (filed under seal).  As part of Reeves's Plea Agreement with the Government, the Government recommended that the Court impose a sentence within the lower

---

[1] The PSR also detailed a litany of other criminal conduct that was not counted in determining Reeves's criminal history category.  *See* PSR [38] at 16-18.

6

25% of the applicable Guidelines range. *See id.* at 4. The Court sentenced Reeves to an 87-month term of imprisonment, at the lower end of his Guidelines range, followed by five years of supervised release. *See id.* at 23; Min. Entry, July 29, 2021; J. [41] at 2-3.

Reeves's current projected release date is January 7, 2027, *see* Mot. [43] at 1, meaning that he has over 58 months, or roughly 67%, of his sentence left to serve. The Court considers significant the very serious nature of Reeves's offense of conviction and the relatively short length of time he has served. Considering the totality of the record before it, the Court finds that releasing Reeves from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). Reeves's Motion [43] is not well taken and should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Eddie Obrian Reeves's Motion [43] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 25th day of February, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE