**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:20-cr-111-HSO-JCG-1** |
| | § | |
| | § | |
| | § | |
| **EDDIE OBRIAN REEVES** | § | |

**ORDER DENYING DEFENDANT EDDIE OBRIAN REEVES'S
MOTION [56] FOR COMPASSIONATE RELEASE**

**BEFORE THE COURT** is Defendant Eddie Obrian Reeves's Motion [56] for

Compassionate Release.  For the reasons that follow, the Motion [56] should be

denied for failure to exhaust.

## I.  BACKGROUND

### A.   Reeves's conviction and sentence

Pursuant to a Plea Agreement [35] with the Government, on April 29, 2021,

Defendant Eddie Obrian Reeves ("Defendant" or "Reeves") pleaded guilty to Count 1

of the Indictment [18] in this case, which charged that he, "aided and abetted by

others known and unknown to the Grand Jury, did knowingly and intentionally

possess with intent to distribute 5 grams or more of methamphetamine, a Schedule

II controlled substance," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and

18 U.S.C. § 2.  Indictment [18] at 2.  Count 1 carried a minimum statutory term of

imprisonment of not less than five (5) years and a maximum of not more than forty

(40) years.  *See* Notice [18-1] at 1 (citing 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)); PSR

[38] at 22 (filed under seal).

To assist the Court in sentencing, the United States Probation Office

prepared a Presentence Investigation Report ("PSR").  *See* PSR [38] (filed under

seal).   To determine Reeves's base offense level under the United States Sentencing

Guidelines ("U.S.S.G." or "Guidelines"), the PSR considered the types and

quantities of drugs attributable to Reeves and found him responsible for 905

kilograms of converted drug weight, resulting in a base offense level of 28.  *Id.* at 6-

8 (citing U.S.S.G. § 2D1.1(c)(6) (2018)).

Because the offense involved the importation of methamphetamine, a two-

level enhancement was applied under § 2D1.1(b)(5) (2018).  *Id.*  After a three-level

reduction for acceptance of responsibility, Reeves's total offense level was calculated

as 27.  *Id.* at 8-9.  With a total of five criminal history points, he was placed in a

criminal history category of III, *see id.* at 16, yielding a Guidelines imprisonment

range 87 to 108 months, *see id.* at 23.   On July 29, 2021, the Court sentenced

Reeves to an 87-month term of imprisonment, followed by five years of supervised

release.  *See* J. [41] at 2-3.

On December 6, 2021, Reeves filed a Motion [43] pursuant to 18 U.S.C.

§ 3582(c)(1)(A), citing preexisting medical conditions and his body mass index,

which place him at higher risk during COVID-19 pandemic, as well as the need to

care for his chronically ill, seven-year-old son who had been diagnosed with a rare

genetic disorder.  *See* Mot. [43] at 2-3.   The Court denied Reeves's Motion [43]

because it found no extraordinary and compelling reason warranting compassionate release, and because, even if Reeves had presented evidence of an extraordinary and compelling reason under § 3582(c)(1)(A), the § 3553(a) factors weighed strongly against his release.  *See* Order [54] at 5-7.

Reeves, who is now 42 years old, is presently incarcerated at Federal Correctional Institutional ("FCI") Coleman in Coleman, Florida.  *See* Reply [61] at 7; PSR [38] at 2 (filed under seal).   With a projected release date of July 5, 2026, he has served approximately 64% of his total 87-month sentence.  *See* J. [41] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 07/05/2026" for Eddie Obrian Reeves, Register Number: 08416-043) (last visited Nov. 30, 2023).

B.      Reeves's Motion [56]

Proceeding pro se, on July 17, 2023, Reeves filed the present Motion [56] for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See* Mot. [56]. Reeves asserts that he should be released because he "suffers from incurable, progressive disease, from which Reeves will never recover, to wit: Hypertension," and "also suffers from Obesity," *id.* at 9, which increase his risk of hospitalization and death if he contracts COVID-19, *see id.* at 10-13.  Reeves also contends that the drug weight computation at sentencing constitutes an extraordinary and compelling reason warranting his release because it purportedly impermissibly increased his statutory minimum sentence without a jury determination of that weight beyond a reasonable doubt. *See id.* at 14-17 (citing *Alleyne v. United States*, 570 U.S. 99

(2013), and *Apprendi v. United States*, 530 U.S. 466 (2000)).  Reeves posits that the base offense level corresponding to the weight charged in the Indictment ("5 grams or more of methamphetamine") should have been used at sentencing, which would have resulted in a Guidelines range of only 30 to 37 months incarceration.  *Id.* at 17.

Reeves also requests a reduction in his sentence "because his children have a blood disease" and require "full-time attention which their mother could not provide[,] and she could not commit herself to take care of Reeves's children incessantly."  *Id.* at 20.   According to Reeves, his nine-year-old child had undergone heart surgery and is now recovering, and his five-year-old child had to undergo the same medical procedure.  *Id.* at 21.  Reeves states that only he "could attend and provide care to his children."  *Id.*  Finally, Reeves argues that the § 3353 factors support his request.  *Id.* at 22-27.

The Government opposes the Motion [56], arguing that Reeves has failed to exhaust administrative remedies, and that he has not presented evidence that he first submitted a request to the Bureau of Prisons to file a motion on his behalf.  Resp. [58] at 3.  On the merits, the Government takes the position that the Motion should be denied because "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."  *Id.* (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (emphasis in original)).  Even if Reeves could seek compassionate release, the Government maintains that he "has not met his burden to show that a

reduction in sentence is warranted in light of the danger that he would pose to the community and the relevant § 3553(a) factors."  *Id.*

Reeves replies that, while there may not be a record of his request to the warden at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), where he was housed at the time, "it is important to remember that Reeves has presented this argument in his motion," and "because of all of the changes recently that have been made at USP Atlanta, it's possible that there may be some miscommunication or delay in processing his request."  Reply [61] at 2.  Reeves argues that "[d]ismissing his motion solely on the grounds of administrative procedures without verifying his claims could be unjust."  *Id.*   On the merits, Reeves argues that his motion "does not necessarily challenge the legality of his sentence," and that he has presented extraordinary and compelling reasons for release.  *Id.* at 3.

## II.  <u>DISCUSSION</u>

A.   <u>Relevant legal authority</u>

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)    in any case—
>        (A)    the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to*

> *appeal a failure of the Bureau of Prisons to bring a motion*
> *on the defendant's behalf or the lapse of 30 days from the*
> *receipt of such a request by the warden of the defendant's*
> *facility, whichever is earlier,* may reduce the term of
> imprisonment (and may impose a term of probation or
> supervised release with or without conditions that does not
> exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if it
> finds that--
> (i)     extraordinary and compelling reasons warrant such
>         a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court.  Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'"  *United States v. Franco*, 973 F.3d 465, 567 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory.  *Id.*

If exhaustion is satisfied, a sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).  The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles.
> First, "extraordinary and compelling reasons" must justify the reduction
> of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the reduction must
> be "consistent with applicable policy statements issued by the
> Sentencing Commission."  *Id.* § 3582(c)(1)(A).  Finally, the prisoner must
> persuade the district court that his early release would be consistent
> with the sentencing factors in 18 U.S.C. § 3553(a).  *Id.*

6

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).  In considering a

motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i)

and, as always, the sentencing factors in § 3553(a)."  *United States v. Shkambi*, 993

F.3d 388, 393 (5th Cir. 2021).  A "district court has discretion to deny compassionate

release if the Section 3553(a) factors counsel against a reduction."  *Jackson*, 27

F.4th at 1089.

B.      Analysis

Reeves makes unsworn allegations in his Motion [56] that he "filed a request

for compassionate release to Warden at USP Atlanta," that 30 days had elapsed

from the receipt of that request, and that no response was received.   Mot. [56] at 9.

The Government has contested these statements in its Response [58] and has

submitted evidence from the Bureau of Prisons that "Reeves has not filed any

admin remedies for compassionate release . . . ."  Ex. [58-1] at 1.   Reeves does not

offer any evidence to dispute the Government's position and does not unequivocally

dispute the BOP's statement that he never sought compassionate release before

filing his Motion [56].  *See* Resp. [61].  Instead, Reeves refers to the "argument in

his motion" and notes that "it's *possible* that there may be some miscommunication

or delay in processing his request."  *Id.* at 2 (emphasis added).   This does not

directly address the evidence provided by the Government and does not

demonstrate that Reeves properly exhausted before filing his Motion [56].

Simply put, Reeves has not shown that he ever requested the BOP bring a

motion on his behalf, which is the first step to exhaustion.  *See Franco*, 973 F.3d at

567. Nor is there is any indication in the record that Reeves "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A). Because Reeves has not demonstrated that he exhausted his administrative remedies, which is a mandatory procedural requirement prior to seeking compassionate release in this Court, *see id.*; *Franco*, 973 F.3d at 567, his Motion should be denied for failure to exhaust, *see* 18 U.S.C. § 3582(c)(1)(A); *see also, e.g., United States v. Taylor*, 855 F. App'x 975 (5th Cir. 2021) (affirming district court denial of compassionate release for failure to exhaust when movant offered only conclusory assertions in his motion and appeal brief that he met exhaustion requirement, and the supporting proof that movant had offered in the district court, which was warden's letter denying a request for home confinement, did not show that the movant had asked the BOP to seek compassionate release on his behalf as required).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Eddie Obrian Reeves's Motion [56] for Compassionate Release is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 1st day of December, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE