**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:20-cr-111-HSO-JCG-1** |
| | § | |
| | § | |
| **EDDIE OBRIAN REEVES** | § | |

## ORDER DENYING DEFENDANT EDDIE OBRIAN REEVES' MOTION [64] FOR RECONSIDERATION

**BEFORE THE COURT** is Defendant Eddie Obrian Reeves' Motion [64] for Reconsideration of the Court's Order [63] denying Reeves' Motion [56] for Compassionate Release. The Motion [64] for Reconsideration should be denied.

## I. BACKGROUND

Defendant Eddie Obrian Reeves ("Defendant" or "Reeves") filed a Motion [56] for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) on July 17, 2023. *See* Mot. [56]. On December 1, 2023, the Court denied Reeves' Motion [56] without prejudice for failure to exhaust administrative remedies. *See* Order [63] at 8.

On January 29, 2024, Reeves filed a pro se Motion [64] for Reconsideration claiming that he has now exhausted his administrative remedies. *See* Mot. [64] at 1. Reeves asks the Court to reconsider its prior Order [63] and grant his earlier Motion [56] for Compassionate Release. *See id.* at 1-2.

## II. DISCUSSION

A.   Relevant legal authority

If filed within 28 days of denial, "[c]ourts typically construe a motion to reconsider a denial of compassionate release as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)," *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021), and "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . ," *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).   If a motion for reconsideration is filed more than 28 days after the denial, a court will "treat it as if it were a Rule 60(b) motion, as long as the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Garrett*, 15 F.4th at 339 (quotations omitted).

Rule 60(b) "permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quotation omitted).   These circumstances include:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

B.   <u>Analysis</u>

Reeves filed his Motion [64] for Reconsideration of the Court's prior Order [63] more than 28 days after entry of the Order [63], *see* Mot. [64], which had concluded that Reeves had not exhausted his administrative remedies, *see* Order [63] at 8.  Reeves does not argue that the Court made an incorrect determination in this regard.  *See* Mot. [64].  He also does not assert a manifest error of law or fact, present newly discovered evidence related to exhaustion, or argue that any circumstance set forth in Rule 60(b) justifies relief.  *See, e.g., id.*; Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b); *Schiller*, 342 F.3d at 567.  Instead, Reeves attaches a December 6, 2023, request he submitted to the warden of his facility for compassionate release, which was five days after the Court's Order was entered on December 1, 2023.  *See* Order [63] (entered December 1, 2023); Ex. [64-1] at 1 (dated December 6, 2023).  But the Fifth Circuit has held that "[a]n intervening change in circumstance—such as exhausting previously unexhausted administrative remedies—is not a proper basis for a motion for reconsideration."  *Garrett*, 15 F.4th at 339.

Having reviewed the current Motion [64] for Reconsideration and the earlier Order [63], the Court properly resolved Reeves' Motion [56] for Compassionate Release, as Reeves had not properly exhausted administrative remedies at that time.  *See* Order [63] at 8.  Reeves has not shown any error in, or any basis for reconsidering, the Court's earlier ruling, and his Motion [64] for Reconsideration should be denied.

III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant

Eddie Obrian Reeves' Motion [64] for Reconsideration is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2024.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE